UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNISON RAVAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICA'S SERVICING COMPANY, *et al.*,<br><br>　　　　Defendants. | Case No.  15-cv-04030-YGR<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER; DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 15 |

Plaintiff Dennison Raval has filed a Motion for Temporary Restraining Order (Dkt. No. 15) seeking to restrain defendants America's Servicing Corporation, a division of Wells Fargo Bank, and NDex West LLC ("Defendants") from conducting a Trustee Sale of the residence located at 108 Valleyview Way, South San Francisco, California 94080.

Plaintiff's complaint here was filed September 3, 2015. Therein, he alleged that Defendants violated California Civil Code sections 2923.55 and 2923.6, as well as claims for fraud and violation of the Unfair Competition law, based upon the origination of his 2006 loan, as well as handling of his loan modification application prior to the filing of the complaint and the foreclosure sale date of September 8, 2015. (*See* Dkt. No. 1 at ¶¶ 32-33 and generally.)

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors: (1) that plaintiff is likely to succeed on the merits; (2) that plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

In the present motion, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim for violation of Cal. Civ. Code 2923.6(c). That section provides:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6 (West). If a modification is denied, the statute halts the foreclosure proceedings

Plaintiff submits evidence that, on March 31, 2016, he and Josephine Raval were offered a first lien loan modification by Wells Fargo under a trial payment program. (Raval Declaration, Exh. 2.) Thus, his loan modification application is apparently no longer "pending" but has been approved, contingent upon his acceptance of the offer. (*Id.*) More than 14 days have passed since that offer. Plaintiff offers no evidence that he accepted that March 31, 2016 offer or that he made the required payments such that he did not default on or otherwise breach his obligations. Nor does Plaintiff offer any other evidence to suggest that the loan modification is still pending or that the determination on the modification application has been appealed. In the absence of such evidence, his claim for violation of section 2923.6(c) lacks merit.[1]

Turning to the equities here, the record does not show that the balance of equities tips in favor of Plaintiff. Plaintiff argues that the equities favor delaying foreclosure while his loan modification application is under review, but does not reconcile the evidence that he was offered a loan modification as of March 31, 2016.

---

[1] Moreover, as a matter of procedure, the complaint on file in this action does not encompass the allegations of conduct occurring some six months after it was filed.

2

1   The Court notes that, on March 2, 2016, the Court issued an Order to Show Cause re:
2   Dismissal.  Therein, the Court stated that Plaintiff had failed to serve defendants, and failed to
3   comply with requirements to file a case management statement and appear at a case management
4   conference.  Plaintiff was given until March 21, 2016, to file a statement regarding the status of
5   his complaint or else have his complaint dismissed for failure to prosecute pursuant to Rule 41(b)
6   of the Federal Rules of Civil Procedure.  (*See also* Fed. R. Civ. P. 4(m).)  Plaintiff failed to file a
7   response or any other document until this pending Motion for Temporary Restraining Order.  It
8   was only through a clerical error that no dismissal of the complaint was entered after March 21,
9   2016.

10  Although the instant Motion itself was served by fax and mail on Defendants as of July 26,
11  2016, there is still no indication that Defendants have ever been served with the complaint herein,
12  or been given an opportunity to respond.  Moreover, Plaintiff failed to move for *ex parte* relief
13  until the day prior the scheduled foreclosure sale despite having been served with notice of the
14  foreclosure sale on June 27, 2016. (Raval Declaration, Exh. 1.)

15  Equity requires diligence.  *See* Cal. Civ. Code § 3527.  Plaintiff has not acted diligently in
16  seeking relief through this motion, or in serving process on the action herein.  Thus, the equities
17  do not favor him.

18  Based on the foregoing, Plaintiff has failed to establish that he is entitled to a temporary
19  restraining order.  The motion is **DENIED**.

20  Further, the complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 41(b) and
21  4(m) for failure to serve process timely and failure to comply with the rules and orders of this
22  Court.

23  **IT IS SO ORDERED.**

24  Dated: July 26, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

3